### GOWER et, Plaintiffs-Appellees, v. SMITH et, Defendants-Appellants.

Ohio Appeals, Second District, Darke County.

No. 681.   Decided November 18, 1950.

Spidel, Staley & Hole, Greenville, for plaintiffs-appellees.
Goubeaux & Goubeaux, Greenville, for defendants-appellants.

## OPINION

By HORNBECK, J:

This is an appeal on questions of law from a judgment for the plaintiff against the defendant in the sum of $769.22 on an account for materials and labor furnished by plaintiff to the defendant, Waldo Smith.

There are three defendants as carried in the caption of this case but upon the action for money, the first cause of action of the petition, the account was against the defendant, Waldo Smith, only and the prayer for money judgment is against said defendant only.

Appellant assigns three errors.

1. That upon the face of the record, the judgment is in excess of the amount shown to be due plaintiff.

2. That the verdict and judgment cannot be permitted to stand because entered against defendants, Waldo Smith and Lenora Smith and the plaintiff claims only against defendant, Waldo Smith.

3. That the verdict and judgment are incorrect and there is no authority to correct the same.

We discuss generally the errors assigned.

Although the petition makes no averment upon which a money judgment could be predicated against defendant, Lenora Smith, inadvertently the court, and counsel without objection, permitted a verdict to be submitted to the jury against both defendants and it was so returned. The court in its general charge referred to both defendants, Waldo Smith and Lenora Smith, as though the action proceeded against them.

The petition stating no cause of action against Lenora Smith and the proof affording no support for such a verdict, manifestly a judgment could not be properly entered against defendant, Lenora Smith. On the other hand, granting to the jury its prerogatives, the proof is ample to support the verdict against defendant Waldo Smith to the extent of the amount due on the account as set up in the petition.

The judgment entry on the verdict says:

"The court does hereby confirm said verdict and finds that there is due the plaintiffs, Adrian Gower and Jerry Rhodes doing business as Gower and Rhodes, Arcanum, Ohio, from the defendant, Waldo Smith on the first cause of action of plaintiff's petition the sum of $769.22."

Judgment is then formally entered against the defendant, Waldo Smith, only.

The only possible prejudice that could result to the defendant, Lenora Smith, in this entry would be in the confirmation of the verdict. It went no further and no effort was made to enter judgment against Lenora Smith.

We cannot find that the motion for new trial specifically requested that the court make any modification in the judgment entry but sought only a new trial because of the irregularity in the judgment against both defendants.

This Court under its constitutional authority on review can without prejudice to the defendant, Lenora Smith, modify the judgment entry so that it will recite that the verdict, in so far as it purports to make a finding against the defendant, Lenora Smith, is unauthorized under the pleadings and proof and that, therefore, judgment may not be entered upon it against said defendant. Otherwise the judgment in form protects all interests to which the defendants are entitled. As to the power of this Court to modify a judgment upon error proceedings see opinion of Judge Matthias in **Toledo Rys. & Light Co. v. Paulin, 93 Oh St 401.** Also **Midland Acceptance Corp. v. General Motors Acceptance Corp., 49 Oh Ap 243.**

The first cause of action of the petition sets out an itemized account showing a total of $3,137.13 with credits totaling $2300.00 leaving a balance due of $837.13 for which judgment is prayed. The true sum of the items constituting the account totals $3,002.07, a difference of $135.06 between the total as stated in the petition and the total of the items constituting the account. There is some variation in the proof supporting the itemization in the first cause of action but counsel for appellant makes no point of this variation but does insist that the judgment may not properly be entered for more than $702.07. Counsel for appellees direct attention to the fact that the proof substantially conforms in the total amount due to the amount prayed for in the petition. Unfortunately, the record shows no application to amend the itemization of the account to conform to the proof. It follows that plaintiffs are remanded to the account as pleaded by items. **31 O. Jur. 966; C. C. C. & St. L. Ry. v. Potter, 113 Oh St 591; Brown v. Dusha, 10 Oh Ap 232.**

In Exhibit 4 there seems to be a labor charge of $125.00 but this is not set up in the itemized account and no attempt was made to plead it. In the situation thus presented we know of no manner in which the items which could have been incorporated in the account but were not, may be properly included in the verdict or carried into the judgment. The proof will support a verdict and judgment for

$702.07 with interest and costs. If plaintiffs will enter a remittitur for all over this sum the judgment will be affirmed in the amount of $702.07 with interest and costs. If not, the cause will be remanded for new trial.

We find no support for the claim of appellants that they were denied the privilege of developing testimony which would tend to show improper or excessive charges in the account sued upon. A judgment entry may be prepared in accordance with this opinion and cause will be remanded.

MILLER, PJ, and WISEMAN, J, concur.